R. KLAY, Appellee, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**Railroads:** KILLING OF STOCK: EVIDENCE. In an action against a railway company for the killing of a steer, resulting as alleged from a defective right-of-way fence, the evidence is reviewed and held to support a finding that the animal was upon the right-of-way and not upon the public crossing when killed.

**Killing of stock:** FAILURE TO FENCE: INSTRUCTION. In an action for the killing of an animal claimed to have strayed upon defendant's right-of-way by reason of a defective fence, an instruction that plaintiff could only recover upon proof that the fence was out of repair which was known to defendant or which had existed for such a length of time that knowledge should be imputed to it, was as favorable as defendant was entitled to.

**Location of accident:** OBLITERATION OF EVIDENCE: INSTRUCTIONS. Evidence that defendant's employés had worked the track between the time of the accident and the inspection of the track

by plaintiff, was admissible on the question of whether any evidences of the position of an animal when killed had been obliterated, and if so whether done purposely; also as bearing upon the credibility of the witnesses who did the work and who testified to the nonexistence of hoof prints.

*Appeal from Sioux District Court.*— HON. G. W. WAKE-FIELD, Judge.

WEDNESDAY, FEBRUARY 15, 1905.

ACTION to recover the double value of a steer killed by a passing train on the right of way of defendant's railroad. Trial to a jury, and verdict and judgment for plaintiff. Defendant appeals.— *Affirmed.*

*J. C. Cook, H. Loomis,* and *J. H. Hutchinson,* for appellant.

*G. Klay,* for appellee.

BISHOP, J.— The statute imposes upon a railway corporation failing to fence its track against live stock running at large a liability to the owner for the value of stock killed or injured by reason of the want of such fence, and a failure to pay within 'thirty days after notice accompanied by an affidavit makes the corporation liable for double the value of the stock thus killed or injured. Code, section 2055. In the instant case no question is made but that a steer, as described in the petition, and owned by plaintiff, was killed by being struck by a passing engine operated over defendant's line of railway. The controversy arises over the circumstances of the accident, and particularly as to the place where the animal was when struck and killed. It appears that the pasture in which the animal was generally kept adjoined defendant's right of way on the north; that to the west there was a north and south highway crossing the railway track. The animal was found, after being killed, about

one hundred and fifty feet east of the highway crossing. For the defendant there was the evidence of the engineer and fireman to the effect that as the engine came around a curve the steer was discovered in the highway and approaching the crossing; that it planted itself upon such crossing, and was there struck, and then carried along on the engine pilot to the point where, as stated, it was subsequently found. They alone were eyewitnesses of the accident.

Now, if this were all, the nonliability of the defendant would have to be conceded, as an accident thus occurring could in no sense be said to be the proximate result of a failure to fence. The evidence for plaintiff,

1. KILLING OF STOCK: evidence.

however, made it appear that the steer was last seen before the accident in the pasture, and it is not claimed that the fence between such pasture and the highway fell short of the requirements of a lawful fence, or that it was in any way disturbed. The evidence further tended to show that the right of way fence was old and out of repair; being low in some places, and the wire being detached from the posts in other places. No tracks or other signs indicating that an animal had jumped over the fence or made its way through it were found, but there was some evidence of hoof prints in the gravel composing the track grade in the vicinity where the steer was found. The grade was about ten feet above the natural surface, and the steer, when found, was lying on the side of the grade, from two to four feet from the rail, and the only marks of injury upon it was a small quantity of blood that had oozed from the nose. It thus appears that the evidence for plaintiff was circumstantial in character, and the evidence for defendant that of persons claiming to be eyewitnesses. It is the argument of counsel for appellant that, in view of the record, the verdict has no sufficient support, and should not be allowed to stand. We cannot agree to this. In our view, the ultimate question was, after all, one for the jury. There was the defective fence to begin with. Then the jury may well

have found that, owing: to the time of year and the dry weather, no tracks might be expected to be found. Moreover, it appears that the engine was running at about thirty miles an hour, and the jury may also have found that if the animal had been carried one hundred and fifty feet on the engine pilot, and then thrown off, it would have shown marks of injury, and would not have been dropped close beside the track. On the whole, the jury did conclude that the animal was upon the right of way when struck, and that the engineer and fireman were mistaken in their statement that the accident occurred on the crossing. We cannot say that the verdict was so far without reason that it should be disturbed.

II. Appellant claims that the jury was not properly instructed in respect of the requirements made upon it (said appellant) by law as to right of way fences, and complains

2. KILLING OF STOCK: failure to fence; instruction.

of the refusal on the part of the court to give instructions as requested relating to that subject. There was no error. The question was whether or not the fence was in repair. The evidence for defendant tended to show it was in good repair. The evidence for plaintiff tended to show the contrary, and that such want of repair was of long standing. The court told the jury, in effect, that plaintiff could only recover upon proof that a want of repair was shown, and that such was known to defendant, or had existed for such a length of time that knowledge of its condition should be imputed. Defendant was entitled to no more.

III. It appears that, following the accident, the track employés of defendant engaged in work on and about the track at the place of the accident. Defendant asked an in-

3. LOCATION OF ACCIDENT: obliteration of evidence; instructions.

struction in substance directing the jury that such fact should not be considered as tending to discredit the evidence of defendant's witnesses, and that defendant's employés were under no obligation to leave the ground undisturbed for the inspection of the

plaintiff. The request was properly refused. The court, on its own motion, told the jury that "the defendant had a perfect right to work its track at the time the testimony shows its employés did work the same." The fact that the track had been worked between the time of the accident and the time of the inspection by plaintiff and his witnesses was a circumstance the jury was entitled to consider, and to give thereto such weight as, in their judgment, it was entitled to. At least, the testimony was proper in connection with the question whether any of the evidences as to the position of the animal when struck had been obliterated, and, if so, whether such work of obliteration was purposely done or otherwise. The evidence might also be considered in determining upon the credibility as witnesses of defendant's employés by whom the work was done, and who testified upon the trial to the nonexistence of any hoof prints upon the track.

On the whole, we think the defendant had a fair trial and the judgment is *affirmed*.